UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Anton Andreyevich Iagounov,<br><br>    Petitioner<br><br>v.<br><br>Carson City Municipal Justice Court, et al.,<br><br>    Respondents | Case No.: 2:25-cv-02378-CDS-BNW<br><br>**Order Dismissing Without Prejudice<br>§ 2241 Habeas Corpus Petition**<br><br>[ECF No. 1] |

    Pro se Petitioner Anton Andreyevich Iagounov commenced this habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the § 2241 petition without prejudice to Iagounov raising his claims in his ongoing federal criminal matter.

    Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

    It appears that Iagounov seeks to challenge his ongoing federal criminal matter. *See USA v. Iagounov*, Case No. 3:25-cr-00017-ART-CSD. Habeas corpus is not the appropriate vehicle for Iagounov's pretrial challenges to his federal criminal proceedings. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (allowing defendants to simultaneously pursue both § 2241 petitions and raise challenges in their criminal proceedings "would eviscerate [the] goal of judicial economy by engaging the attention of two courts on the same case at the same

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

time"); *Thoresen v. Goodwin*, 404 F.2d 338, 339 (9th Cir. 1968) ("Trial, and not habeas corpus, is the appropriate manner of resolving the issue of guilt of the federal crime and subordinate issues relating to elements of the crime.").

Iagounov's claims should be raised in his ongoing criminal case, not in a pretrial 28 U.S.C. § 2241 petition. Accordingly, I deny the petition without prejudice to Iagounov raising his claims in his ongoing federal criminal matter and dismisses this action.

I therefore order:

1. Anton Andreyevich Iagounov's petition for writ of habeas corpus **[ECF No. 1] is denied without prejudice** to Iagounov raising his claims in his ongoing federal criminal matter and this action is dismissed.

2. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of the Court is kindly directed to enter final judgment accordingly and close this case.

Dated: January 7, 2026

_____
Cristina D. Silva
United States District Judge